United States Bankruptcy Court

Middle District of Pennsylvania

In re:        Case No. 20-02547-HWV

Jacob B. Monn        Chapter 13

    Debtor(s)

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AutoDocke     Page 1 of 2
Date Rcvd: Oct 02, 2020     Form ID: pdf002     Total Noticed: 23

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++     Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 04, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Jacob B. Monn, 246 East 2nd Street, Hummelstown, PA 17036-1701 |
| 5354448 | + | Associated Credit Services, Acct No 1446, 115 Flanders Road, Suite 140, Westborough, MA 01581-1087 |
| 5354449 | ++ | BANK OF AMERICA, PO BOX 982238, EL PASO TX 79998-2238 address filed with court:, Bank of America, Acct No 3744 5608 525****, P.O. Box 982238, El Paso, TX 79998-2235 |
| 5358649 | + | Bank of America, N.A., P O Box 982284, El Paso, TX 79998-2284 |
| 5354453 | + | Fed Loan Servicing, Acct No 8825 7632 87FD0, P.O Box 60610, Harrisburg, PA 17106-0610 |
| 5359135 | + | JPMorgan Chase Bank, N.A., s/b/m/t Chase Bank USA, N.A., c/o Robertson, Anschutz & Schneid, P.L., 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487-2853 |
| 5358852 | + | Oceanside Mortgage Company, 500 South Broad Street Suite 100A, Meriden, Connecticut 06450-6755 |
| 5354455 | + | Oceanside Mortgage Company, Acct No 0801015058, 500 South Broad Street, Suite 100A, Meriden, CT 06450-6755 |
| 5354457 | | PennState University, Acct No 944250866, Office of the Bursar, 103 Shields Building, University Park, PA 16802-1200 |
| 5354458 | | Phelan Hallinan Diamond, Acct No 2019-CV-08895-MF, 1617 JFK Boulevard, Suite 1400, One Penn Center Plaza, Philadelphia, PA 19103 |
| 5354460 | + | The Home Depot, Acct No 6035 3207 1852, 5800 South Corporate Place, Sioux Falls, SD 57108-5027 |
| 5360278 | + | The Pennsylvania State University, Student Financial Services, 108 Shields Building, University Park PA 16802-1201 |
| 5354462 | + | United Collection Bureau, Acct No 81928364, 5620 Southwyck Blvd, Suite 206, Toledo, OH 43614-1501 |
| 5356440 | | Wells Fargo Bank, N.A., Wells Fargo Card Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |
| 5354463 | + | Wells Fargo Card Services, Acct No 4465 4202 9551, P.O. Box 14517, Des Moines, IA 50306-3517 |

TOTAL: 15

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5359850 | | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Oct 02 2020 19:14:24 | Capital One Bank (USA), N.A., by American InfoSource as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 5354450 | + | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Oct 02 2020 19:14:01 | Capital One Bank USA, Acct No 5178 0589 3895 ****, P.O. Box 30281, Salt Lake City, UT 84130-0281 |
| 5354452 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Oct 02 2020 18:59:00 | Credit Collection Service, Acct No 7207 ****, P.O. Box 607, Norwood, MA 02062-0607 |
| 5354451 | + | Email/Text: bankruptcy_notifications@ccsusa.com | Oct 02 2020 18:59:00 | Credit Collection Service, Acct No 7901****, P.O. Box 607, Norwood, MA 02062-0607 |
| 5354454 | | Email/PDF: ais.chase.ebn@americaninfosource.com | Oct 02 2020 19:14:01 | JPMorgan Chase Bank, N.A., Acct No 4147 2024 0046 ****, Attn: Correspondence Mail, LA4-5555, 700 Kansas Lane, Monroe, LA 71203 |
| 5354456 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Oct 02 2020 18:59:00 | PA Department of Revenue, Acct No 1261, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| 5354459 | + | Email/Text: bankruptcynotices@psecu.com | Oct 02 2020 18:59:00 | PSECU, Acct No 8096 0943 08L****, P.O. Box 67013, Harrisburg, PA 17106-7013 |
| 5354461 | | Email/Text: bankruptcydepartment@tsico.com | Oct 02 2020 18:59:00 | Transworld Systems, Acct No 43339046, P.O. Box 15520, Wilmington, DE 19850-5520 |

| District/off: 0314-1 | User: AutoDocke | Page 2 of 2 |
| Date Rcvd: Oct 02, 2020 | Form ID: pdf002 | Total Noticed: 23 |

TOTAL: 8

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Oct 04, 2020         Signature:     /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 2, 2020 at the address(es) listed below:

**Name**     **Email Address**

Brian Nicholas
on behalf of Creditor Oceanside Mortgage Company bnicholas@kmllawgroup.com

Charles J DeHart, III (Trustee)
TWecf@pamd13trustee.com

James M Bach
on behalf of Debtor 1 Jacob B. Monn JMB@JamesMBach.com
staff@jamesmbach.com;staff@ecf.courtdrive.com;r39038@notify.bestcase.com

United States Trustee
ustpregion03.ha.ecf@usdoj.gov

TOTAL: 4

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN RE:
**Jacob B. Monn**

CHAPTER 13
CASE NO. **1:20-bk-02547**

■ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ■ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1.     PLAN FUNDING AND LENGTH OF PLAN.**

    **A.     Plan Payments From Future Income**

1. To date, the Debtor paid $___ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**28,260.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1 | 60 | 471.00 | 0.00 | 471.00 | 28,260.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $**28,260.00** |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ■ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

■ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

■ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Oceanside Mortgage Company** | **246 East 2nd Street Hummelstown, PA 17036 Dauphin County**<br>**Parcel No. 31-021-004-000-0000**<br><br>**Value as per July 2020 Comparative Market Analysis** | **5058** |
| **PSECU** | **2009 Chevrolet Silverado 1500 Crew LT 138,312 miles**<br>**Location: 246 East 2nd Street, Hummelstown PA 17036**<br><br>**Average Condition**<br>**Value as per July 2020 CARMAX Appraisal** | **308L** |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

■ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition

arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Oceanside Mortgage Company** | **246 East 2nd Street Hummelstown, PA 17036  Dauphin County Parcel No. 31-021-004-000-0000**<br><br>**Value as per July 2020 Comparative Market Analysis** | **$22,000.00** | **$0.00** | **$22,000.00** |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

■ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

■ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

■ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees.</u> Complete only one of the following options:

      a. In addition to the retainer of $ **1,000.00** already paid by the Debtor, the amount of $ **3,000.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
   *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

B. **Priority Claims (including, certain Domestic Support Obligations)**

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **PA Department of Revenue** | **$287.00** |

    C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

    ■ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
    *Check one of the following two lines.*

    ■ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ■ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☐ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE: (Check one)**

    ■ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9.    NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

| Dated: | **August 27, 2020** | **/s/ James M. Bach, Esq.** |
| | | **James M. Bach, Esq.** |
| | | Attorney for Debtor |
| | | |
| | | **/s/ Jacob B. Monn** |
| | | **Jacob B. Monn** |
| | | Debtor |

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.